**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**OMNI HEALTHCARE INC. and**
**JOHN DOE,**

              **Plaintiffs,**

v.                                           Case No: 6:22-cv-696-PGB-DCI

**NORTH BREVARD COUNTY**
**HOSPITAL DISTRICT,**
**HALIFAX HOPSITAL MEDICAL**
**CENTER, GEORGE**
**MIKITARIAN, CHRISTOPHER**
**MCALPINE, ANUAL JACKSON,**
**SR , ERIC PEBURN and JEFF**
**FEASAL,**

              **Defendants.**
_____/

**ORDER**

This cause is before the Court on Plaintiff Omni Healthcare, Inc.'s ("**Omni**") Motion to Strike Plaintiff's Memorandum in Opposition to the Motions to Dismiss. (Doc. 63 (the "**Motion to Strike**")). Upon due consideration, the Motion to Strike (Doc. 63) is due to be denied, and the accompanying Memorandum in Support of the Motion to Strike (Doc. 64) is due to be struck.

**I.   BACKGROUND**

The Court will briefly address the related procedural history. On August 10, 2022, Plaintiffs filed the operative Amended Complaint. (Doc. 11). Ultimately, on January 8, 2024, Defendants moved to dismiss the Amended Complaint. (Docs.

56, 57 (the "**Motions to Dismiss**")). Omni requested additional time to file its response to the Motions to Dismiss. (Doc. 59). Accordingly, the Court granted Omni's request and extended the deadline to respond to the Motions to Dismiss by two weeks—until on or before February 12, 2024. (Doc. 60). Then, on February 12—the day of the deadline—Omni filed its first Memorandum of Law in Opposition to Defendants' Motions to Dismiss. (Doc. 62 (the "**First Response in Opposition to the Motions to Dismiss**")). The next day, however, Omni filed the instant Motion to Strike, requesting the Court strike its First Response in Opposition to the Motions to Dismiss and accept an updated version. (Doc. 63). Omni also filed a separate Memorandum in Support of its Motion to Strike. (Doc. 64). Therein, Omni represents to the Court that Defendants do not oppose the relief requested in the Motion to Strike. (*Id.*). As such, the matter is ripe for review.

## II.   DISCUSSION

In the Motion to Strike and its accompanying Memorandum in Support, Omni requests that the Court strike its First Response in Opposition to the Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(f). (Docs. 63, 64). Omni's sole argument is that its First Response in Opposition to the Motions to Dismiss was a draft version and is thus immaterial and impertinent because "the finalized version is the correct and intended submission." (Doc. 64). However, the Court highlights various issues with the Motion to Strike.

First, the Court is not persuaded that the legal standard, or logic, in which Omni applies here is even relevant. Rule 12(f) provides that "[t]he court may strike

from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Ultimately, courts have broad discretion in ruling on motions to strike. *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976); *see* FED. R. CIV. P. 12(f). However, Omni cites no legal authority to support its contention that Rule 12(f) provides a proper basis for the Court to afford Omni's desired relief. The Court finds that a more appropriate method to request such relief would be to file a motion for leave to substitute Omni's First Response in Opposition to the Motions to Dismiss, notably past the deadline. Thus, pursuant to Federal Rule of Civil Procedure 6(b), Omni must also present good cause for the Court to inherently extend the deadline for Omni to file its new response to the Motions to Dismiss. And, since the motion would be "made after the time has expired," Omni should presumably demonstrate that its failure to timely file the correct version was due to excusable neglect. *See* FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.").

In addition, the Motion to Strike fails to comply with the Local Rules in more ways than one. *See, e.g.*, Local Rules 1.08, 3.01. First, the Court is unaware of a Local Rule that allows for letters requesting relief in lieu of formal motions. In fact, Local Rule 3.01(j) specifically prohibits parties from using "a letter, email, or the like to request relief or to respond to a request for relief." As such, the Court takes this opportunity to remind Omni that the instant litigation is in the Middle District

3

of Florida, not the district court in New Jersey. Accordingly, the Local Rules of the Middle District of Florida govern. Moreover, the Motion fails to comply with Local Rule 3.01, which states the following: "A motion must include—in a *single* document no longer than twenty-five pages inclusive of all parts—a concise statement of the precise relief requested, a statement of the basis for the request, and a *legal memorandum supporting the request*." Local Rule 3.01 (emphasis added). The aforementioned having been said, the Court will not provide the parties a full tutorial on the Local Rules of the Middle District.

### III. CONCLUSION

For the foregoing reasons, the Motion to Strike (Doc. 63) is **DENIED** and the accompanying Memorandum in Support of the Motion to Strike (Doc. 64) is hereby **STRICKEN**.

**DONE AND ORDERED** in Orlando, Florida on February 21, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties