# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

UNITED STATES OF AMERICA
AND STATE OF FLORIDA, EX REL.
CRAIG DELIGDISH, M.D.,

    *Plaintiffs,*

v.                                          No. 6:22-CV-696-JSS-DCI

NORTH BREVARD COUNTY
HOSPITAL DISTRICT D/B/A
PARRISH MEDICAL CENTER;
HALIFAX HOSPITAL MEDICAL
CENTER TAXING DISTRICT
D/B/A HALIFAX HEALTH;
GEORGE MIKITARIAN;
CHRISTOPHER MCALPINE;
ANNUAL JACKSON, SR.,

    *Defendants.*

_____/

# REPLY OF DEFENDANT HALIFAX HOSPITAL MEDICAL CENTER
# IN SUPPORT OF MOTION TO DISMISS

In an attempt to evade the Court once again dismissing the allegations against Halifax Hospital Medical Center (Halifax) as precluded by the public disclosure bar of the False Claims Act (FCA), Relator attached to his opposition brief (the Opposition) (Dkt. 91) six exhibits reflecting emails from Relator to various recipients, including government officials, that he failed to include with his Second Amended Complaint (SAC). *See* Dkt. 91-2 through 91-7. Notably, Relator[1] previously attached four of these email threads when he opposed Defendants' prior motion to dismiss (*compare* Dkt. 61-1, 61-2, and 61-4 *with* Dkt. 91-3, 91-4, 91-5, and 91-7),[2] yet elected not to include them when filing the SAC after the Court granted Defendants' prior motion to dismiss. Relator appears to contend these communications show that the FCA's public disclosure bar does not preclude his claims. *See* Dkt. 91 at pp. 4-6 and 28-33. But despite Relator's belated attempt to avoid dismissal by improperly supplementing the record[3] with new information omitted from the SAC, these

---

[1] At the time, Relator had not yet revealed his identity and was identified only as "John Doe."

[2] The substance of the email reflected at Dkt. 91-3 is included within the email thread at Dkt. 61-1, although Dkt. 91-3 reflects a forwarded email to different recipients.

[3] *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) ("A court's review on a motion to dismiss is 'limited to the four corners of the complaint.' A court may consider only the complaint itself and any documents referred to in the complaint which are central to the claims. Because Wilchcombe did not reference these contracts in his amended complaint or attach them thereto, the district court properly refused to consider such contracts in ruling on the motion to dismiss.") (citations omitted).

1

emails, even if considered, still fail to qualify Relator for the "original source" exception. Therefore, in addition to the other bases for dismissal set forth in Halifax's motion to dismiss, the FCA's public disclosure bar is an independent basis for dismissal of the claims against Halifax in this declined *qui tam* action.

## ARGUMENT

### I. Relator Does Not Qualify For The "Original Source" Exception To The FCA's Public Disclosure Bar

Relator appears to concede that Halifax has satisfied the first two elements of the public disclosure bar's three-part test—i.e., that (i) the essential components of Relator's allegations were publicly disclosed in the news media, and (ii) Relator's allegations are substantially the same as the disclosures—as he does not contest Halifax's arguments on those elements. Instead, Relator argues only that, despite the public disclosures, he qualifies for the "original source" exception. *See* Dkt. 91 at 28-33. But for the reasons set forth in Halifax's motion to dismiss, Relator does not qualify as an "original source" under either definition of that term in the FCA, and the new information Relator attached to his Opposition underscores that result.

#### A. Relator Does Not Qualify As An "Original Source" Under 31 U.S.C. § 3730(e)(4)(B)(i)

Under 31 U.S.C. § 3730(e)(4)(B)(i), an "original source" means an individual who "prior to a public disclosure under subsection (e)(4)(a), has voluntarily disclosed to the Government the information on which allegations

2

or transactions in a claim are based." Relator argues that he meets that definition because he "disclosed the fraud to the Government *before* the [state court] Complaint and before the media reporting about that complaint." Dkt. 91 at 25 (emphasis in original). But Relator omits the rest of the story.

While it is true that *one* of the emails attached to the Opposition reflects a disclosure to the government prior to the public filing of the State court complaint (*see* Dkt. 91-2, email dated June 17, 2021), Relator largely ignores that *all* the emails to the government *post-date* by multiple years the public disclosures of the 2017 and 2019 Interlocal Agreements at the heart of Relator's theory, as well as the HHS-OIG's 2019 report on the re-allocations of LIP funds at issue in the Jackson Memorial Hospital investigation. *See* Dkt. 86 at 16-17 (explaining why the 2017 and 2019 Interlocal Agreements and the HHS-OIG's 2019 report are public disclosures under the FCA). Indeed, even the June 17 email from Relator to HHS—i.e., the only communication from Relator to the government before the public filing of the State court complaint and the ensuing news coverage—*quotes* the 2017 and 2019 Interlocal Agreements, which were publicly disclosed in the news media years earlier. Because even the earliest of Relator's disclosures to the government occurred years after the public disclosures of the Interlocal Agreements and the 2019 HHS-OIG audit report, meaning that Relator did not voluntarily disclose information to the government before the public disclosure, Relator does not

3

qualify as an original source under 31 U.S.C. § 3730(e)(4)(B)(i).

### B.  Relator Does Not Qualify As An "Original Source" Under 31 U.S.C. § 3730(e)(4)(B)(ii)

Under 31 U.S.C. § 3730(e)(4)(B)(ii), an "original source" means an individual who "has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section." As Halifax has briefed, Relator has failed to demonstrate "knowledge that is independent of and materially adds" to the public disclosures. The new information attached to the Opposition reinforces this conclusion.

Relator's FCA allegations against Halifax appear at paragraphs 52-94 of the SAC. They summarize (and, in some cases, quote) the very same Interlocal Agreements described in connection with the public filing of the state court complaint and the subsequent news coverage in 2021. And years before that, both the 2017 and 2019 Interlocal Agreements were publicly disclosed on the Brevard County Clerk's website and described the nature of the arrangement that Relator now challenges. *See* Dkt. 86 at Exs. E and F. As set forth in Halifax's motion to dismiss, far from "materially adding" to the publicly disclosed allegations and transactions involving Halifax and the LIP program, Relator simply converted those publicly available descriptions into allegations.

The same is true of the emails attached to the Opposition, which further

support why Relator is not an original source. Indeed, *all* the email threads attached to the Opposition describe or quote from the 2017 and 2019 Interlocal Agreements. *See* Dkt. 91-2 through 91-7. That is, the publicly disclosed Interlocal Agreements are not only the foundation of his theory of fraud alleged in the SAC, but also they were at the very core of his purported disclosures to government officials. This is fatal to his FCA claims against Halifax.

Faced with this reality, Relator attempts to sidestep the public nature of the Interlocal Agreements with a policy argument that misses the point. According to Relator, the "fact that the LIP Agreements were publicly available prior to this lawsuit is not a dispositive consideration under [the original source provision of the public disclosure bar]" because "[i]f that were true, public records of any kind would specifically prevent any and all *qui tam* actions simply by existing in the public sphere . . . ." Dkt. 91 at 32. Not so. Indeed, the purpose of the "original source" exception is to carve out two specific scenarios in which relators may bring an FCA action even when their allegations are substantially similar to publicly disclosed information—i.e., under 31 U.S.C. § 3730(e)(4)(B). Neither applies here because: (i) Relator did not voluntarily disclose to the Government the information on which his allegations or transactions in a claim are based prior to the public disclosure(s) (*see* § 3730(e)(4)(B)(i)), or (ii) Relator has not demonstrated "knowledge that is independent of and materially adds to the publicly disclosed allegations or

5

transactions, and voluntarily provided that information to the Government before filing an [FCA action]" (*see* § 3730(e)(4)(B)(ii)).

Equally unavailing is Relator's belated attempt to minimize the significance of the HHS-OIG's report about Jackson Memorial Hospital, which was publicly disclosed through the news media in August 2019—again, years before Relator's outreach to government officials. As Halifax explained in its motion to dismiss (*see* Dkt. 86 at 21-22), Relator's allegations are substantially similar to the issues investigated in that report, which included the redistribution of LIP funds through interlocal agreements. Any would-be-whistleblower could have filed this same complaint against Halifax using the information in the Interlocal Agreements and the HHS-OIG report, all of which was in the public domain as of 2019. Despite Relator citing this report at Paragraph 45 of the SAC, Relator now attempts to distance himself from it to avoid the application of the public disclosure bar, claiming:

> Neither Halifax nor Parrish were the subject of the Jackson OIG Report, Defendants were not even mentioned in the report once, and neither were their specific LIP Agreements contemplated in the report that focused on a completely different hospital. Further, the issue of overpayment was certain in the Jackson Memorial Hospital investigation, whereas here, AHCA OIG has no record that either Halifax or Parrish received any overpayment whatsoever.

Dkt. 91 at 32-33. But the new evidence Relator included with his Opposition negates this *post hoc* argument. Indeed, *three* of the six email threads attached to the Opposition appear to attach the August 2019 HHS-OIG report. In all

6

three, Relator claims "[t]he HHS-OIG audit report published in 2019, also indicates that it is HHS's position that this conduct is improper." *See* Dkt. 91-4, 91-5, and 91-6. Having personally cited to the publicly disclosed 2019 HHS-OIG report in the SAC, attached it three times in his disclosures to government officials, and himself expressed an opinion on its significance in those same emails, Relator cannot escape its impact now to bar his claims.

Just as Relator cited to the 2017 and 2019 Interlocal Agreements and the 2019 HHS-OIG report in the SAC and built his FCA allegations on those public disclosures, so too could have any other person with access to the internet, much less the United States or Florida governments. The FCA is not designed to reward the opportunistic behavior of those who do no more than capitalize on information already in the public domain.

For the reasons set forth here and in Halifax's motion to dismiss, the "original source" exception cannot save Relator, and all of Relator's claims against Halifax should be dismissed with prejudice. In the event the Court considers the new information Relator attached to his Opposition, that information only supports this conclusion.

Dated: January 22, 2025                     Respectfully submitted,

                                            */s/ Edward M. Mullins*
                                            Edward M. Mullins
                                            **Reed Smith LLP**

7

        200 South Biscayne Boulevard
Suite 2600
Miami, FL 33131
T: 786-747-0200
F: 786-747-0299
emullins@reedsmith.com

Brian Bewley (*Pro Hac Vice*)
Selina P. Coleman (*Pro Hac Vice*)
David A. Bender (*Pro Hac Vice*)
**Reed Smith LLP**
1301 K Street, N.W.
Suite 1100 - East Tower
Washington, D.C. 20005-3373
T: 202-414-9200
F: 202-414-9299
bbewley@reedsmith.com
scoleman@reedsmith.com
dbender@reedsmith.com

*Counsel for Halifax*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of January, 2025, I filed a copy of the above reply with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

        */s/ Edward M. Mullins*
Edward M. Mullins
**Reed Smith LLP**
200 South Biscayne Boulevard
Suite 2600
Miami, FL 33131
T: 786-747-0200
F: 786-747-0299
emullins@reedsmith.com