UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA
and the STATE OF FLORIDA ex rel.
CRAIG DELIGDISH, M.D.**

      **Plaintiff,**

v.                                                                      Case No: 6:22-cv-696-JSS-DCI

**NORTH BREVARD COUNTY
HOSPITAL DISTRICT d/b/a
PARRISH MEDICAL CENTER,
GEORGE MIKITARIAN,
CHRISTOPHER MCALPINE, ANUAL
JACKSON, SR., HALIFAX HOSPITAL
MEDICAL CENTER TAXING
DISTRICT d/b/a HALIFAX HEALTH,**

      **Defendants.**

## ORDER

Before the Court is Plaintiff's Motion to Stay Discovery Pending Decision on the Motion to Dismiss. Doc. 104 (the Motion). In the Motion, Plaintiff requests that the Court stay discovery pending a final decision on the pending motions to dismiss (Doc. 86; 87) or, in the alternative, "that the Court extend the discovery deadline by at least twelve months"—a request that would necessarily result in an extension of every deadline in the Case Management and Scheduling Order (Doc. 53, the CMSO). Doc. 104 at 6-7.

A stay of discovery is generally disfavored, "because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Kron Medical Corp. v. Groth*, 119 F.R.D. 636

(M.D.N.C. 1988)). The moving party bears the burden of showing good cause to stay discovery. *Id*. at 652. In determining whether a stay of discovery is warranted, the Court must balance the harm produced by delay against the possibility that the dispositive motion will be granted and entirely eliminate the need for discovery. *Id*. at 653. In making this determination in the context of a dispositive motion such as a motion to dismiss, "it is necessary for the Court to take a preliminary peek at the merits of the [dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." *Id*. at 652-53 (internal quotation marks omitted); *see also Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 842 (11th Cir. 2020) (condoning the use of the "preliminary peek" to decide whether to stay discovery pending a dispositive motion). "And Eleventh Circuit case law, including the holding in *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353 (11th Cir. 1997), does not support 'the implicit contention that discovery should be stayed whenever a defendant files a motion to dismiss.'" *Negreanu v. Starbucks Corp*., 2023 WL 1971435, at *1 (M.D. Fla. Feb. 13, 2023) (quoting *In re Winn Dixie Stores, Inc. Erisa Litig*., 2007 WL 1877887, at *2 (M.D. Fla. June 28, 2007)).

Here, because the pending motions to dismiss were referred, the undersigned has issued a pending Report and Recommendation (Doc. 108) on the motions to dismiss that form the basis of the stay request, going beyond even the necessary "preliminary peek." In doing so, the undersigned has recommended that certain of the claims in the Amended Complaint should go forward. *Id*. Thus, though the undersigned has found that the motions to dismiss have some clear merit (indeed, it is recommended that some claims be dismissed), the undersigned has implicitly found that the motions to dismiss are not "truly case dispositive," in that they do not dispose of this case as a whole or eliminate entirely the need for discovery. *See Negreanu*, 2023 WL 1971435, at *2 (denying a motion to stay where "a 'preliminary peek' at the Motion to Dismiss does not

reveal a clear indication that the Court will dismiss the action in its entirety with prejudice"). Plaintiff has "not shown that 'unusual circumstances' create a specific prejudice or an undue burden that would override this Court's general disfavor of discovery stays." *Joens v. Nationstar Mortg., LLC*, 2024 WL 865879, at *2 (M.D. Fla. Feb. 29, 2024) (quoting Middle District Discovery (2021) § (I)(E)(4)). As such, staying discovery—and the case as a whole—does not serve the interests of justice or judicial economy.

In the alternative, Plaintiff requests an extension of the discovery deadline—and, in fact, an extension of all deadlines in the CMSO—of "at least twelve months." Doc. 104 at 6-7. That request is governed by Federal Rule of Civil Procedure 16(b)(4); a rule that Plaintiff fails to cite, let alone satisfy. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end."); *see also Tower Ventures, Inc. v. Westfield*, 296 F.3d 43, 45 (1st Cir. 2002) ("In an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling civil litigation.").

On the record before the Court, Plaintiff fails to demonstrate that it has met its burden of establishing good cause, and the inquiry must end there. *See Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002) ("A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry."); *see Schenone v. Zimmer Holdings, Inc.*, 2014 WL 12619908, at *2 (M.D. Fla. June 3, 2014) ("diligence, not lack of prejudice, is the key to the

Rule 16(b)(4) inquiry"). In addition, as noted in the response to the motion, Plaintiff fails to acknowledge the requirements and warnings of the Court's CMSO. *See* Doc. 105 (citing Doc. 53).

The parties are cautioned that neither the motions to dismiss nor the instant Motion tolled any deadline in this case.

Accordingly, it is **ORDERED** that the Motion (Doc. 104) is **DENIED**.

**ORDERED** in Orlando, Florida on June 4, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE